**Kauff McGuire & Margolis LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, New York  10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIRAH MERCER, | |
| Plaintiff, | ECF CASE |
| -against- | |
| VIACOMCBS/PARAMOUNT, | Index No.  22-CV-6322 (LGS) |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ II

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ........................ 3

LEGAL STANDARD ON A MOTION TO DISMISS.................................................... 6

ARGUMENT ................................................................................................................ 8

I.   Plaintiff Fails to State a Claim For Disability Discrimination Under
     the ADA or NYCHRL.......................................................................... 8

     A.   Plaintiff Has Failed to Exhaust Her Administrative Remedies
          Under the ADA. .......................................................................... 9

     B.   Plaintiff Cannot State a Claim Under the ADA or NYCHRL
          for Disability Discrimination or Denial of a Reasonable
          Accommodation Because She Has Not Pled, and Cannot
          Plead, That She Was Disabled Under the ADA or NYCHRL. ........ 10

II.  Plaintiff Fails to State a Claim Under GINA............................................. 16

III. Plaintiff Fails to State a Claim Under Title VII. ...................................... 17

     A.   Plaintiff Failed to Exhaust Her Administrative Remedies
          Under Title VII. .......................................................................... 17

     B.   Plaintiff Failed to Plead Any Facts Which Could Support a
          Claim Under Title VII. ................................................................ 17

IV.  Plaintiff Fails to State a Claim Under Section 1983/Section 242. .......... 18

CONCLUSION ............................................................................................................ 19

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Anderson v. United Airlines, Inc.*,
   577 F. Supp. 3d 1324 (M.D. Fla. 2021) .......................................................................... 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 7

*Bridges v. Houston Methodist Hosp.*,
   543 F. Supp. 3d 525 (S.D. Tex. 2021),
   *aff'd*, No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022) ................................. 14

*Costabile v. New York Dist. Council of Carpenters*,
   No. 17 CIV. 8488,
   2018 WL 4300527 (S.D.N.Y. Sept. 10, 2018) ................................................................ 14

*Cruzan by Cruzan v. Dir., Missouri Dep't of Health*,
   497 U.S. 261 (1990) ........................................................................................................ 18

*Davie v. New York City Transit Auth.*,
   No. 02-CR-4231, 2003 WL 1856431 (E.D.N.Y. Apr. 9, 2003) ..................................... 14

*DeJesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013) .............................................................................................. 6

*Diba Fam. Ltd. P'ship v. Ross*,
   No. 13 CIV. 06384,
   2014 WL 5438068 (S.D.N.Y. Oct. 27, 2014),
   *aff'd*, 606 F. App'x 628 (2d Cir. 2015) ........................................................................... 7

*Harden v. Honeywell Int'l, Inc.*,
   No. 1:23-CV-00176, 2023 WL 3310172 (N.D. Ga. May 8, 2023) ........................... 16, 18

*Jacobson v. Massachusetts*,
   197 US 11 (1905) ............................................................................................................ 18

*Johnson v. Andy Frain Servs., Inc.*,
   No. 12-cv-4454, 2014 WL 2805113 (E.D.N.Y. June 20, 2014) ..................................... 8

*Joseph v. Jofaz Transp., Inc.*,
   No. 10-cv-5405, 2012 WL 847434 (E.D.N.Y. Mar. 12, 2012) ................................... 7, 13

*Kouakou v. Fideliscare New York*,
   920 F. Supp. 2d 391 (S.D.N.Y. 2012) ............................................................................ 18

ii

*Linne v. Alameda Health Sys.*,
  No. 22-CV-04981, 2023 WL 375687 (N.D. Cal. Jan. 24, 2023) ..................................15

*Mitchell v. Macy's, Inc.*,
  No. 17 CIV 1845, 2018 WL 9918137 (S.D.N.Y. Sept. 25, 2018).........................8, 12, 13

*Moore v. United States Postal Serv.*,
  No. 18-CV-9967, 2019 WL 13388322 (S.D.N.Y. July 12, 2019)...................................9

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013) .................................................................... 7

*Norman v. NYU Langone Health Sys.*,
  492 F. Supp. 3d 154 (S.D.N.Y. 2020), *aff'd on other grounds*,
  No. 20-3624-CV (L), 2021 WL 5986999 (2d Cir. Dec. 17, 2021)...............................15

*Ray v. Weit*,
  No. 13-cv-6416, 2015 WL 1299198 (E.D.N.Y. Mar. 20, 2015) ................................ 7, 8

*Romano v. A360 Media, LLC*,
  No. 120 CV 08988, 2023 WL 348459 (S.D.N.Y. Jan. 20, 2023) ................................11

*Sheehy v. Brown*,
  335 F. App'x 102 (2d Cir. 2009) ................................................................. 18

*Shi v. Batgatelle Int'l, Inc.*,
  No. 20-CV-8473, 2023 WL 4187557 (S.D.N.Y. June 26, 2023) ................................ 10

*Spruill v. NYC Health & Hosp.*,
  No. 06 CIV. 11362,
  2007 WL 2456960 (S.D.N.Y. Aug. 23, 2007),
  *aff'd sub nom., Spruill v. New York City Health & Hosps. Corp.*, 367 F.
  App'x 269 (2d Cir. 2010) ..................................................................9, 17

*St. Jules v. United Parcel Serv., Inc.*,
  No. 09-CV-1201, 2010 WL 1268071 (E.D.N.Y. Mar. 31, 2010)...................................13

*Stolarik v. New York Times Co.*,
  323 F. Supp. 3d 523 (S.D.N.Y. 2018) ......................................................7, 13

*Matter of Storar*,
  52 N.Y.2d 363, 420 N.E.2d 64 (1981)......................................................... 18

*Sutton v. United Air Lines, Inc.*,
  527 U.S. 471 (1999), *overturned due to legislative action* (2009) .............................. 6

*Together Emps. v. Mass Gen. Brigham Inc.*,
  573 F. Supp. 3d 412 (D. Mass. 2021), *aff'd*, 32 F.4th 82 (1st Cir. 2022) ....................15

iii

## Statutes

18 U.S.C. § 242 ................................................................................................ 2

42 U.S.C. § 1983 ........................................................................................... 2, 4

42 U.S.C. § 2000e-2 ........................................................................................17

42 U.S.C. § 2000ff ......................................................................................... 16

42 U.S.C. § 2000ff-1(a) .................................................................................. 16

42 U.S.C. § 12102 ...........................................................................................11

Fed. R. Civ. P. 12(b)(6) ............................................................................. *passim*

N.Y.C. Admin. Code § 8-102 ..........................................................................11

iv

Defendant ViacomCBS/Paramount (now known as Paramount Global) ("Defendant") submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint filed by plaintiff Amirah Mercer ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiff has failed to state any claim upon which relief may be granted.

## PRELIMINARY STATEMENT

Plaintiff is a former employee of Defendant who alleges that she was terminated because: (a) she declined to be vaccinated against COVID-19, in accordance with Defendant's vaccination requirement, then in effect; and (b) she was not granted an exemption to this vaccination requirement.  Plaintiff asserts that the denial of her exemption and her termination are unlawful.  However, her claims are wholly deficient and should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff has not expressly asserted claims of disability discrimination or denial of a reasonable accommodation under the Americans with Disabilities Act ("ADA") or the New York City Human Rights Law ("NYCHRL").  However, even if the Court reviews Plaintiff's Amended Complaint with respect to potential claims under these laws, Plaintiff has not stated, and cannot state, a claim under the ADA or NYCHRL for disability discrimination or denial of a reasonable accommodation because she fails to plead that she was disabled (i.e., a required element of such claims).  Further, Plaintiff's ADA claim is also deficient because she did not assert a claim for disability discrimination in her EEOC Charge and has therefore failed to exhaust her administrative remedies under the ADA.

Plaintiff's claims under the Genetic Information Non-Discrimination Act ("GINA") are also deficient.  Plaintiff claims she was discriminated against because she

declined to alter her genetic information by receiving a COVID-19 vaccination.  GINA,
however, only protects individuals from discrimination based on their genetic
information, not their decision to refrain from altering their genetic information (i.e.,
the basis of Plaintiff's claims).

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII")
should also be dismissed because: (a) Plaintiff failed to assert any claim under Title VII
in her EEOC Charge, and any Title VII claim is unexhausted; and (b) Plaintiff's
Amended Complaint is devoid of any facts from which the Court could infer that
Plaintiff experienced discrimination based on race, color, religion, sex, or national origin
(i.e., the characteristics Title VII protects).

Further, Plaintiff's claim under 42 U.S.C. § 1983 ("Section 1983") should
be dismissed because Defendant is not a state actor, which is a requirement for a Section
1983 claim.  Plaintiff's claim under 18 U.S.C. § 242 ("Section 242") is also deficient
because there is no private right of action under this statute.

Thus, in light of the forgoing, this Court should dismiss Plaintiff's
Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim
upon which relief may be granted.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is a former employee of Defendant.  She alleges that she was terminated after: (1) Defendant required her to be vaccinated against COVID-19; (2) she presented a "Medical Contraindication to Vaccination" and requested to be excused from vaccination; and (3) Defendant denied her "medical exemption" and "still pushed for vaccination in order to remain working for Defendant."  (Compl. ¶ 4.)[1]  On July 22, 2022, Plaintiff filed her Complaint in this action.  (*See* ECF No. 2.)

On September 21, 2022, Plaintiff filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC Charge") (*See* Kulak Decl. Ex. A.)  In her EEOC Charge, Plaintiff asserted a claim of discrimination based on genetic information by checking the box "Genetic Information" in response to the question "Why do you think you were discriminated against?"  (*See id.*)  Additionally, in response to the question "What happened to you that you think was discriminatory?" Plaintiff wrote:

> Employees were required to have proof of Covid vaccine or exemption.   My medical exemption was denied despite providing legal and medical documentation. I was unfairly released from the company on 3/25.  I had tried to reach resolution with the company over the course of 6 months prior, with HR + legal teams, to maintain employment, including continuing to work from home (which I had successfully been doing for 2 years). I provided medical documents incl. contraindications, validating my request.

(*See id.*)

Notably, Plaintiff did not explain in her EEOC Charge why she was unable

---

[1] "Compl." refers to Plaintiff's Amended Complaint, filed on December 18, 2022.  (*See* ECF No. 19.) A copy of Plaintiff's Amended Complaint is attached as Exhibit C to the Declaration of Marjorie B. Kulak ("Kulak Decl."), signed on July 21, 2023, submitted herewith.  Defendant's recitation of the allegations in Plaintiff's Amended Complaint is not an admission of such allegations.

4867-1182-0913.5

to be vaccinated against COVID-19 or provide any information regarding her "medical exemption."

On September 28, 2022, the EEOC issued plaintiff a notice of right to sue. (Kulak Decl., Ex. B.)  On December 18, 2022, Plaintiff filed her Amended Complaint in this action.  (*See* Kulak Decl. Ex. C.)

In her Amended Complaint, Plaintiff alleges that she was terminated by Defendant because Defendant implemented a mandatory vaccination policy and refused to accommodate her by accepting her "medical contraindication."  (Compl. ¶ 1.)  She also claims that Defendant discriminated against her because she chose not to modify her genetic structure by taking the vaccine.  (Compl. ¶ 1.)  She asserts:

> Defendant was discrimination against plaintiff's genome specifically Plaintiff not being vaccinated with Covid 19 vaccine.  Defendant is discriminating against Plaintiff because they chose not to modify their genetic structure by not taking the vaccine which is a form of discrimination and violation of the Genetic Information Nondiscrimination Act.  (Compl. ¶ 1; *see also* ¶¶ 3, 5.)

> Defendant stated that they were allowing employees to work from home but then fired Plaintiff because of the medical exemption that was requested and supplied medical contraindication documentation. (Compl. ¶ 1.)

> Defendant rejected the medical contraindication of the Plaintiff without just cause or reason and all of these actions violate Title 18 Section 242/ 42 U.S. Code § 1983 - Civil action for deprivation of rights, Title VII of the 1964 Civil Rights Act and Genetic Information Nondiscrimination Act .  (Compl. ¶ 1.)

> Defendant attempted to illegally Force Vaccinations on Plaintiff acting under Color of Authority and in threat, duress and coercion in order to work for Defendant, after Plaintiff presented Medically approved Contraindication Forms authorized from their Medical Physician and Doctor verifying that Vaccine was harmful to plaintiff which is an illegal ACT OF GENOCIDE. (Compl. ¶ 3.)

> Plaintiff is allergic to the Covid 19 ingredients which is why Plaintiff has the medical contraindication and testing documents.  (Compl. ¶ 3.)

> Denying these documents goes against: The Constitution protects a person's freedom of choice in medical care, including the right to refuse unwanted

4

medical treatment and rights preserving the doctor-patient relationship. Certainly, then, it must protect a person's decision—made in conjunction with his or her doctor—to try promising treatments that may save his life. (Compl. ¶ 3.)

Plaintiff presented Medical Contraindication To Vaccination to Defendant and filled out Medical Accommodation documents that Defendant required in 2021 and Defendant rejected the exemptions for the medical side of things. This was discrimination against plaintiff's genome specifically because Plaintiff not being vaccinated with Covid 19 vaccine and other employees are vaccinated with the covid 19 have a different genetic structure from the Plaintiff because of taking the covid 19 vaccine. (Compl. ¶ 3.)

The Defendant is discriminating against Plaintiff because Plaintiff chose not to modify their genetic structure by not taking the vaccine which is a form of discrimination and violation of the Genetic Information Nondiscrimination Act. (Compl. ¶ 3.)

Plaintiff was fired by Defendant without pay even with the medical contraindication being provided. (Compl. ¶ 3.)

On June 1, 2023, after being served, Defendant filed a pre-motion letter regarding its intention to file a motion to dismiss Plaintiff's Amended Complaint. (ECF No. 34.)[2] On June 28, 2023, the parties participated in a case management conference

---

[2] On June 28, 2023, shortly before the pre-motion conference, Plaintiff filed a response to Defendant's pre-motion conference letter. (*See* ECF No. 40.) Defendant did not have an opportunity to read and analyze Plaintiff's response prior to the conference and the letter was not discussed during the conference. While there is no response by Defendant due regarding Plaintiff's June 28 filing, Defendant wishes to note for the Court (in the event the Court considers Plaintiff's filing), that Plaintiff's filing contains numerous citations to cases which do not appear to exist (based upon Defendant's Westlaw searches). *See* ECF No. 40 (citing *Janes v. Cimarron Health Care, Inc.*, No. 6:21-CV-00154, 2022 WL 738390 (D. Kan. Feb. 24, 2022); *Flavell-While v. Universal Health Services of Hartgrove, Inc.*, No. 1:20-CV-09775, 2022 WL 3009254 (N.D. Ill. July 13, 2022); *Calabro v. New York University Langone Health System*, No. 1:21-CV-05867, 2022 WL 374948 (S.D.N.Y. Jan. 31, 2022); *Battaglia v. United States*, 303 F. Supp. 3d 484, 494 (E.D.N.Y 2018); *Doe v. Smith*, 429 F. Supp. 2d 591, 604 (E.D. Va. 2006); *In re Trasylol Products Liability Litigation*, 584 F. Supp. 2d 1342, 1348 (S.D. Fla. 2008); *In Cataldi v. Janssen Pharmaceuticals, Inc.*, 2014 WL 3814199, *4 (9th Cir. Aug. 4, 2014); *Desiano v. Warner-Lambert & Co.*, 467 F. Supp. 2d 228, 242-43 (E.D.N.Y 2006); *Saleeby v. Eggleston*, 991 F. Supp. 2d 557, 566 (E.D. Va. 2014); *Owen v. Biogen*, Inc., No. 20-cv-12270, 2021 WL 3831877, at *4 (D. Mass. Aug. 27, 2021); *EEOC v. J.C. Penney Co.*, 843 F.3d 1312 (10th Cir. 2016).) Moreover, the holdings of at least two of the cases cited by Plaintiff are the exact opposite of what Plaintiff states in her response. (*See* ECF No. 40 (citing *Anderson v. United Airlines, Inc.*, 577 F. Supp. 3d 1324 (M.D. Fla. 2021) and *Harden v. Honeywell Int'l, Inc.*, No. 1:23-CV-00176, 2023 WL 3310172 (N.D. Ga. May 8, 2023)).) Further, another case cited by

4867-1182-0913.5

with the Court, where they discussed, among other things, Defendant's anticipated motion to dismiss.  On June 30, 2023, the Court entered an Order directing that, in light of Plaintiff's *pro se* status and the liberal construction of her Complaint, Defendant must specifically address in its motion to dismiss "potential discrimination claims Plaintiff might raise under the ADA and NYCHRL, in addition to the claims explicitly alleged in the Complaint."  (ECF No. 42.)

Defendant now submits its motion to dismiss Plaintiff's Amended Complaint, including briefing on the dismissal of claims that Plaintiff might raise under the ADA and NYCHRL.  For the reasons set forth below, Plaintiff has not and cannot state any claim upon which relief may be granted and her Amended Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

## LEGAL STANDARD ON A MOTION TO DISMISS

At the pre-answer stage, a Court may dismiss a plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to state a claim upon which relief may be granted.  While a Court must accept at this stage "all the factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff," the "'complaint must [nonetheless] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (further quotations and citations omitted) (second alteration in original).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.*

---

Plaintiff has been overturned by statute, *see Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), *overturned due to legislative action* (2009)*,* and the remainder of the cases cited do not support the propositions for which they have been cited by Plaintiff.

Moreover, "[t]o be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678 and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, to survive a motion to dismiss, a Complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678. "Further, a complaint does not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Joseph v. Jofaz Transp., Inc.*, No. 10-cv-5405, 2012 WL 847434, at *1 (E.D.N.Y. Mar. 12, 2012) (quoting *Iqbal*, 556 U.S. at 678) (further quotations and citation omitted) (alteration in original). "This plausibility standard applies to discrimination claims . . . ." *Ray v. Weit*, No. 13-cv-6416, 2015 WL 1299198, at *2 (E.D.N.Y. Mar. 20, 2015) (internal citations omitted).

"In determining the adequacy of the complaint, courts may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Diba Fam. Ltd. P'ship v. Ross*, No. 13 CIV. 06384, 2014 WL 5438068, at *2 (S.D.N.Y. Oct. 27, 2014) (Schofield, J.), *aff'd*, 606 F. App'x 628 (2d Cir. 2015) (citing *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir.2005)) (further citation omitted). *See also Stolarik v. New York Times Co.*, 323 F. Supp. 3d 523, 537 (S.D.N.Y. 2018) ("[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint.") (quotations and citation omitted) (second alteration in original).

7

While "*[p]ro se* plaintiffs receive special solicitude from courts" and "[c]ourts must liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest", the court "should reject bald assertions of discrimination and retaliation lacking details which are needed to meet the minimum pleading requirements." *Mitchell v. Macy's, Inc.*, No. 17 CIV 1845, 2018 WL 9918137, at *3 (S.D.N.Y. Sept. 25, 2018) (quotations and citations omitted). Indeed, "[t]he Court need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ray,* 2015 WL 1299198, at *3. (quotations and citation omitted). "[E]ven *pro se* plaintiffs asserting civil rights claims are not exempt from [*Bell Atlantic Corp. v.*] *Twombly's* threshold that the pleadings must contain factual allegations sufficient to raise a right to relief above the speculative level." *Johnson v. Andy Frain Servs., Inc.*, No. 12-cv-4454, 2014 WL 2805113, at *2 (E.D.N.Y. June 20, 2014) (quotation and citations omitted). "When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Ray* at *3 (quotations and citation omitted).

## ARGUMENT

### I.  PLAINTIFF FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION UNDER THE ADA OR NYCHRL.

In the event Plaintiff asserts, or her Amended Complaint is construed as asserting, claims for disability discrimination under the ADA or NYCHRL, such claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

4867-1182-0913.5

### A.   Plaintiff Has Failed to Exhaust Her Administrative Remedies Under the ADA.

As an initial matter, Plaintiff cannot state a claim under the ADA because Plaintiff has failed to exhaust her administrative remedies.  It is well-settled that "[a]s a precondition to filing suit under . . . the ADA, a plaintiff must first file a timely charge with the EEOC and obtain a notice of right to sue."  *Moore v. United States Postal Serv*., No. 18-CV-9967, 2019 WL 13388322, at *4 n.3 (S.D.N.Y. July 12, 2019) (citations omitted).  If a plaintiff does not timely file a charge with the EEOC regarding her ADA claim, or her ADA claim is not reasonably related to the charge she filed, such claim must be dismissed for failure to exhaust her administrative remedies.  *See Spruill v. NYC Health & Hosp*., No. 06 CIV. 11362, 2007 WL 2456960, at *3 (S.D.N.Y. Aug. 23, 2007), *aff'd sub nom*., *Spruill v. New York City Health & Hosps. Corp*., 367 F. App'x 269 (2d Cir. 2010) (dismissing unexhausted ADA claim on this basis).  A federal court claim is "reasonably related to allegations in an EEOC charge where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Id*., 2007 WL 2456960, at *3 (quotation and citation omitted).  "Generally, claims based on a wholly different type of discrimination than initially asserted in the EEOC charge will not be permitted to be brought into federal court." *Id*. (quotations and citations omitted).

Here, Plaintiff identified her claim of discrimination in her EEOC Charge as one based on "Genetic Information."  (Kulak Decl., Ex. A.)  She did not check off the box for "Disability" discrimination or provide any facts in the narrative portion of her Charge from which the EEOC might infer that she was asserting that she had a disability that prevented her from being vaccinated against COVID-19.  (*Id*.)  While her EEOC

Charge includes passing, conclusory references to a "medical exemption", Plaintiff does

not explain the basis for this exemption or why she could not be vaccinated against

COVID-19.  (*Id.*).  The EEOC would therefore have had no reason to believe that

Plaintiff's "medical exemption" applied to anything other than Plaintiff's claim of

discrimination based on genetic information (as genetics also involves medical issues).

This Court should therefore hold that Plaintiff failed to exhaust her administrative

remedies under the ADA and that any claim asserted under the ADA is subject to

dismissal under Fed. R. Civ. P. 12(b)(6).  *See Shi v. Batgatelle Int'l, Inc.*, No. 20-CV-

8473, 2023 WL 4187557, at *7 (S.D.N.Y. June 26, 2023) (holding plaintiff failed to

exhaust her administrative remedies under the ADA where she failed to check off

disability discrimination in her EEOC charge, and merely stated that she was terminated

after returning from time off to attend a doctor's appointment and referencing prior

surgeries because "[t]hese passing references are insufficient to have reasonably

expected the EEOC to investigate a disability discrimination claim.")

   **B.**  **Plaintiff Cannot State a
     Claim Under the ADA or NYCHRL for
     Disability Discrimination or Denial of a Reasonable
     Accommodation Because She Has Not Pled, and Cannot
     <u>Plead, That She Was Disabled Under the ADA or NYCHRL</u>.**

    Even if the Court finds that Plaintiff has exhausted her administrative

remedies with respect to her ADA claim (which it should not), the Court should hold

that Plaintiff cannot state any claim based on disability under the ADA and NYCHRL.

    (1)  <u>Legal Standard</u>

    Under the ADA, a "disability" is defined, with respect to an individual, as

"(A) a physical or mental impairment that substantially limits one or more major life

activities of such individual; (B) a record of such an impairment; or (C) being regarded

as having such an impairment. . . . ." *See* 42 U.S.C. § 12102(1)(A)-(C).  Under the NYCHRL, a disability is defined more broadly.  A disability means "any physical, medical, mental or psychological impairment, or a history or record of such impairment".  N.Y.C. Admin. Code § 8-102.  Further "physical, medical, mental, or psychological impairment" is defined as "(a) [a]n impairment of any system of the body; including, but not limited to, the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (b) a mental or psychological impairment."  *Id.*

Under the ADA and NYCHRL, a plaintiff may assert a claim of disability discrimination or denial of a reasonable accommodation.  To state a claim of disability discrimination under the ADA, a plaintiff must show *inter alia* that she "suffers from or is regarded as suffering from a disability within the meaning of the ADA," she "was qualified to perform the essential functions of the job, with or without reasonable accommodation," and "she suffered an adverse employment action because of [her] disability or perceived disability."  *Romano v. A360 Media, LLC*, No. 120 CV 08988, 2023 WL 348459, at *6 (S.D.N.Y. Jan. 20, 2023) (quotation and citation omitted).  The elements of a disability discrimination claim under the NYCHRL are similar, except that under the NYCHRL "a plaintiff need only allege that [s]he was treated less well *because of* [her] [disability]."  *Id.*, 2023 WL 348459, at *6 (quotation and citation omitted) (emphasis in original).

To state a prima facie case for denial of a reasonable accommodation under the ADA or NYCHRL, Plaintiff must allege that: "(1) [s]he is a person with a

disability as defined under the ADA [or NYCHRL]; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the plaintiff could perform the essential functions of the job at issue; and (4) the employer refused to make such accommodations." *Mitchell,* 2018 WL 9918137, at *5 (citing *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013) and *Pagan v. Morrisania Neighborhood Fam. Health Ctr.*, No. 12 CIV. 9047, 2014 WL 464787, at *6 (S.D.N.Y. Jan. 22, 2014).)

        (2)    <u>Application to Plaintiff's Claims</u>

        Under both the ADA and NYCHRL, Plaintiff cannot plead plausible claims for disability discrimination or denial of a reasonable accommodation because she has not stated that she has a disability under these laws (or pled any facts from which the Court could infer that she was regarded as being disabled or has a record of a disability). Indeed, in Plaintiff's Amended Complaint, she either refers to her "medical contraindication" in a purely conclusory fashion or connects her medical contraindication to her concerns about the COVID-19 vaccine impacting her genetic structure:

- "Plaintiff is allergic to the Covid 19 ingredients which is why Plaintiff has the medical contraindication and testing documents."  (Compl. ¶ 3.)

- "The Defendant didn't want to make any accommodations and just didn't want to approve the Medical Contraindication."  (Compl. ¶ 4.)

- "Defendant rejected the exemptions for the medical side of things. This was discrimination against plaintiff's genome specifically because Plaintiff not being vaccinated with Covid 19 vaccine and other employees are vaccinated with the covid 19 have a different genetic structure from the Plaintiff because of taking the covid 19 vaccine." (Compl. ¶ 3.)

Plaintiff's allegation that she is "allergic to the Covid 19 ingredients" is

purely conclusory.  She does not provide any information regarding the nature of her "allergy" or provide any other facts from which the Court could infer that her allergy impairs her in any way (or with respect to the ADA, substantially limits a major life activity).  For example, she does not even identify what would occur if she were to receive the COVID-19 vaccine in light of her being "allergic" or otherwise explain why her allergy prevents her from receiving the COVID-19 vaccine.  *See Mitchell* at *5 (dismissing ADA and NYCHRL claims for failure to accommodate because, *inter alia* Plaintiff fails to identify that he had a disability); *see also Joseph*, No. 10-CV-5405, 2012 WL 847434, at *2 (dismissing ADA claim pursuant to granting Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiff failed to establish a disability because "plaintiff states that he is disabled from a car accident, but provides no further detail"); *see also St. Jules v. United Parcel Serv., Inc.*, No. 09-CV-1201, 2010 WL 1268071, at *1 (E.D.N.Y. Mar. 31, 2010)  (dismissing ADA claim pursuant to Fed. R. Civ. P. 12(b)(6) because "there is no allegation that [plaintiff's alleged] impairments substantially limited plaintiff in any major life activity").

Moreover, in Plaintiff's Amended Complaint she directly connects the reasons she believes the denial of her exemption was discriminatory to her concerns that the vaccine will alter her genetic information, as opposed to identifying a physical or mental impairment that she actually has which prevents her from being vaccinated. (*See* e.g., Compl. ¶¶ 3, 4.)  Indeed, the Medical Contraindication referenced in Plaintiff's Amended Complaint (*see* Kulak Decl., Ex. D)[3] focuses on issues relating to Plaintiff's genetic information and the objection to vaccination by the "Xi-Amaru Tribal

---

[3] This Medical Contraindication may be considered in connection with this motion to dismiss because it is referenced in and integral to Plaintiff's Complaint. *See Stolarik,* 323 F. Supp. 3d at

Government."[4]  It does not identify any condition that Plaintiff has which prevents her from being vaccinated against COVID-19 and does not state that Plaintiff is allergic to the COVID-19 vaccine.  (*Id.*)  Instead: (a) the portion of the Medical Contraindication signed by Plaintiff states only that <span style="color:red">REDACTED</span>

Any claims of disability discrimination or denial of a reasonable accommodation under the ADA or NYCHRL are therefore wholly conclusory and deficient, and should be given no consideration.  *See Costabile v. New York Dist. Council of Carpenters*, No. 17 CIV. 8488, 2018 WL 4300527, at *5 (S.D.N.Y. Sept. 10, 2018) (dismissing claims of disability discrimination under the ADA and NYCHRL because Plaintiff failed to identify his disability); *see also Davie v. New York City Transit Auth.*, No. 02-CR-4231, 2003 WL 1856431, at *4 (E.D.N.Y. Apr. 9, 2003)

---

537.

[4] There is no record of the "Xi-Amaru Tribal Government" in the U.S. Department of Interior's Tribal Leader's Directory: https://www.bia.gov/service/tribal-leaders-directory.

[5] This Court should give no consideration to Plaintiff's claim that requiring individuals to receive the COVID-19 vaccine is an act of genocide.  (*See* Compl. ¶ 3); *see Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 528 (S.D. Tex. 2021), *aff'd*, No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022) (rejecting claim equating COVID-19 vaccination requirement to experimentation during the Holocaust as "reprehensible" and noting that the plaintiff is not being forced to receive a vaccine, but rather to receive a vaccine in order to continue to work for her employer).

14

(dismissing ADA claim pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff "fails to detail [*inter alia*] how his disability [i.e., allergies] substantially limits a major life activity . . . .")[6].

Further, any claim that Plaintiff was terminated based on a disability or for requesting an accommodation fails as a matter of law because Plaintiff was terminated because she declined to be vaccinated in accordance with Defendant's requirement. (Compl. ¶ 4.)  This is a legitimate non-discriminatory reason for termination and Plaintiff has not, and cannot, identify any facts which would show such reason was a pretext for discrimination or retaliation.  *See Linne v. Alameda Health Sys.*, No. 22-CV-04981, 2023 WL 375687, at *3 (N.D. Cal. Jan. 24, 2023) (dismissing *pro se* Plaintiff's disability discrimination complaint pursuant to Fed. R. Civ. P. 12(b)(6) because *inter alia* maintaining consequences for noncompliance with a vaccination policy was a legitimate non-discriminatory action); *see also Together Emps. v. Mass Gen. Brigham Inc.*, 573 F. Supp. 3d 412, 444-45 (D. Mass. 2021), *aff'd*, 32 F.4th 82 (1st Cir. 2022) (retaliation claim unlikely to succeed on the merits where plaintiffs were subject to termination "not because they requested exemption, but because they were not approved and remain noncompliant with the Vaccination Policy").

---

[6] Notably, the mere fact that a person may have an allergy to a vaccine does not mean that the person is disabled under the law.  *See Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 165 (S.D.N.Y. 2020) (dismissing ADA claim because plaintiff was not entitled to an exemption to a flu vaccine mandate based on an allergy which did not substantially limit a major life activity), *aff'd on other grounds*, No. 20-3624-CV (L), 2021 WL 5986999 (2d Cir. Dec. 17, 2021).

## II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER GINA.

Plaintiff asserts that Defendant violated GINA because: (i) she is not "vaccinated with Covid 19 vaccine and other employees are vaccinated with the covid 19 [vaccine]", and those employees "have a different genetic structure from the Plaintiff because of taking the covid 19 vaccine"; and (ii) Defendant "is discriminating against Plaintiff because Plaintiff chose not to modify their genetic structure by not taking the covid 19 vaccine which is a form of discrimination and violation of the Genetic Information Nondiscrimination Act."  (Compl. ¶ 5.)  Plaintiff's claim, however, fails as a matter of law because GINA only protects against employment discrimination on the basis of "genetic information", i.e., an individual's genetic tests, the genetic tests of their family members, or the manifestation of disease or disorder in family members of such individuals.  See 42 U.S.C. §§ 2000ff(4), § 2000ff-1(a).  GINA does not, as Plaintiff claims, protect her against discrimination because she declined to modify her "genetic structure."[7]  Moreover, the EEOC has specifically advised that a requirement that an individual be vaccinated against COVID-19 is not covered under GINA.  See K.14, K.15 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (administration of COVID-19 vaccine does not implicate Title II of GINA) (last visited July 21, 2023); *see also Harden v. Honeywell Int'l, Inc.*, No. 1:23-CV-00176, 2023 WL 3310172, at *4 (N.D. Ga. May 8, 2023) (dismissing GINA claim on this basis); *see also Anderson v. United Airlines, Inc.*, 577 F.

---

[7] The U.S. Centers for Disease Control and Prevention has also unequivocally stated that the COVID-19 vaccines do not alter an individual's genetic information.  *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html (last visited July 21, 2023) ( "FACT: COVID-19 vaccines do not change or interact with your DNA in any way. . . ."). Plaintiff's claim that she was discriminated against because she refused to alter her genetic material by getting vaccinated against COVID-19 should therefore be dismissed as implausible.

Supp. 3d 1324, 1332–33 (M.D. Fla. 2021) (denying preliminary injunction on same basis).  Plaintiff's GINA claim should therefore be dismissed as a matter of law.

## III.   PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII.

Throughout Plaintiff's Complaint, she includes several references to being discriminated against in violation of Title VII.  Any claim, however, under Title VII should be dismissed as a matter of law because: (A) Plaintiff failed to exhaust her administrative remedies under Title VII; and (B) Plaintiff has failed to plead any facts to support a claim of discrimination under Title VII.

### A.   Plaintiff Failed to Exhaust Her Administrative Remedies Under Title VII.

As discussed in Section I.A *supra*, Plaintiff checked off only "Genetic Information" as the basis for her claim of discrimination in her EEOC Charge.  Moreover, Plaintiff's narrative in her EEOC Charge does not contain any reference to any facts or actions related to her race, color, religion, sex, or national origin (i.e., characteristics protected by Title VII).  As the EEOC would have had no reason to investigate Plaintiff's Charge for a violation of Title VII, Plaintiff's Title VII claims should be dismissed due to Plaintiff's failure to exhaust her administrative remedies with the EEOC.  *See Spruill*, 2007 WL 2456960, at *4 (dismissing unexhausted claim on this basis pursuant to Fed. R. Civ. P. 12(b)(6)).

### B.   Plaintiff Failed to Plead Any Facts Which Could Support a Claim Under Title VII.

Even if Plaintiff had exhausted her administrative remedies under Title VII (which she has not), her claim under Title VII should still be dismissed because Title VII only protects individuals against discrimination on the basis of "race, color, religion, sex, or national origin."  *See* 42 U.S.C. § 2000e-2(a).  Plaintiff's Amended Complaint is

devoid of any facts supporting a claim of discrimination on any of these bases. Plaintiff's Title VII claim should therefore be dismissed as a matter of law. *See Kouakou v. Fideliscare New York*, 920 F. Supp. 2d 391, 398 (S.D.N.Y. 2012) ("[a] claim for discrimination under Title VII is properly dismissed where the plaintiff fails to plead any facts that would create an inference that any adverse action taken by any defendant was based upon [a Title VII protected characteristic of the plaintiff].") (quotations and citation omitted) (alterations in original).

## IV.     PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 1983/SECTION 242.

This Court should also dismiss Plaintiff's claim under Section 1983 because (i) a Section 1983 claim is a civil claim for violations of constitutional rights by individuals acting under color of law (i.e., state actors); and (ii) Plaintiff has not pled (and cannot plead) that Defendant, a private company, was a state actor. *See Harden,* 2023 WL 3310172, at *3 (holding that a private employer enforcing its vaccine mandate was not a state actor and dismissing Section 1983 claim on this basis). Similarly, Plaintiff's claims under Section 242 must also be dismissed because Section 242 is the criminal analogue of a Section 1983 claim, for which there is no private right of action. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (dismissing Section 242 claim on this basis).[8]

---

[8] This Court should disregard Plaintiff's citations to *Matter of Storar,* 52 N.Y.2d 363, 382–83, 420 N.E.2d 64 (1981) and *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261 (1990), as these cases involve the rights of individuals in an incapacitated state to decline medical treatment (i.e., facts which are not present here). (*Storar* was also later superseded by statute). Moreover, *Jacobson v. Massachusetts*, 197 US 11 (1905), cited by Plaintiff, undermines Plaintiff's claims, as this case recognized, in the context of upholding a vaccine mandate, the power of a state to place the good of the public over personal liberties.

## <u>CONCLUSION</u>

Based on the foregoing and the Kulak Declaration submitted herewith, Defendant respectfully requests that this Court grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief may be granted.

Dated:      New York, New York
            July 21, 2023

Respectfully submitted,

KAUFF McGUIRE & MARGOLIS LLP

 /s/ Marjorie B. Kulak
     Marjorie B. Kulak

950 Third Avenue
Fourteenth Floor
New York, New York  10022
Telephone:  (212) 644-1010
kulak@kmm.com

*Attorneys for Defendant*

19