UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMIRAH MERCER,
                             Plaintiff,

               -against-

VIACOMCBS/PARAMOUNT,
                            Defendant.
------------------------------------------------------------X

22 Civ. 6322 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Defendant moves to seal various documents filed in connection with Defendant's motion to dismiss Plaintiff's second amended complaint (the "SAC").

    WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents. They are materials attached to the Declaration of Marjorie B. Kulak (the "Kulak Declaration") filed in support of Defendant's motion to dismiss the SAC. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119, 121 ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (a strong presumption of public access attaches to "dispositive motions such as motions for dismissal or summary judgment.").

WHEREAS, the presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. One consideration that may override the presumption of public access is preserving a party's privacy interest in medical information. *See Parker v. Brann*, No. 12 Civ. 09408, 2022

WL 18402115, at *8 (S.D.N.Y. Dec. 17, 2022); *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020).

WHEREAS, Defendant's motion to seal states that the proposed redactions concern Plaintiff's private medical information.  Requests to seal similar information in this case have been granted, and the redactions sought here are narrowly tailored to preserve Plaintiff's privacy interest.

WHEREAS, Plaintiff filed a motion seeking an order requiring the parties to submit to mediation.

WHEREAS, Defendant has not indicated an interest in mediation.  It is hereby

**ORDERED** that the sealing motion at Dkt. No. 76 is **GRANTED**.  It is further

**ORDERED** that the motion at Dkt. No. 67 is **DENIED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 67 and 76.

Dated: August 20, 2024
       New York, New York

                                              _____
                                              **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**

3