

K A U F F   M c G U I R E   &   M A R G O L I S   L L P

950 THIRD AVENUE • FOURTEENTH FLOOR
NEW YORK, NY 10022

MARJORIE B. KULAK
DIRECT DIAL: (212) 909-0721
DIRECT FAX: (212) 909-3521
kulak@kmm.com

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

October 29, 2024

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Mercer v. ViacomCBS/Paramount*
       Index No. 1:22-cv-06322-LGS

Dear Judge Schofield:

    This firm represents Defendant ViacomCBS/Paramount (now known as Paramount Global) ("Defendant) in the referenced matter. We write to oppose Plaintiff Amirah Mercer's October 17, 2024 request for leave to amend her Second Amended Complaint ("Complaint"). (*See* ECF No. 103.) For the reasons set forth below, Plaintiff's request for leave to amend should be denied, and the dismissal of her Second Amended Complaint should be converted to a dismissal with prejudice, in its entirety.

    On July 26, 2024, this Court issued an Opinion & Order ("Order") granting Defendant's motion to dismiss Plaintiff's Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (*See* ECF No. 93.) The Order provides, with respect to Plaintiff's potential amendments to her Complaint:

> Plaintiff may seek leave to amend only her ADA, NYCHRL, NYSHRL, GINA and Rehabilitation Act claims. . . To state an ADA, NYCHRL or NYSHRL claim for disability discrimination, Plaintiff would have to plead additional facts explaining why she personally is disabled as defined by those laws. . . .To state a Rehabilitation Act claim, Plaintiff would have to plead additional facts to show that Defendant received federal funding.

(Order at 17.)

    The Court also explained that, if Plaintiff chose to seek leave to amend, she was required to file a letter "explaining how the deficiencies [in her Second Amended Complaint] are

Hon. Lorna G. Schofield, U.S.D.J.
October 29, 2024
Page 2

cured and including as an attachment a proposed third amended complaint marked to show changes compared with the SAC."  (Order at 18.)

        On October 17, 2024, Plaintiff filed a letter with this Court seeking leave to amend her Complaint and attached a proposed Third Amended Complaint.[1]  Plaintiff's letter and proposed Third Amended Complaint, however, fail to cure any of the deficiencies in Plaintiff's Complaint.  This Court should therefore deny Plaintiff's request for leave to amend and convert the dismissal of Plaintiff's Complaint to a dismissal with prejudice, in its entirety.

        1.    <u>Plaintiff's Claims Under the ADA, NYSHRL, and NYCHRL</u>

        In the July 26 Order, the Court dismissed Plaintiff's claims for denial of a reasonable accommodation and disability discrimination under the Americans With Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") because Plaintiff's Complaint did not allege that Plaintiff had a disability under the ADA, NYSHRL, and NYCHRL.  (Order at 8-12.)  The Court held that Plaintiff's bald and conclusory allegations regarding having a disability and being allergic to the COVID-19 vaccines and the tribal medical contraindication documents attached to Plaintiff's Complaint, were "insufficient to plead that Plaintiff has a disability as defined by the ADA" and NYSHRL and NYCHRL.  (Order at 9, 11-12.)  Indeed, the Court found that the "Affidavit for Tribal Medical Contraindication to Vaccine" was insufficient because "[t]he document does not state that Plaintiff actually has an allergy to the COVID-19 vaccine or that the vaccine would cause her to have an allergic reaction, merely that it could."  (Order at 9.)  Similarly, the document Plaintiff attached entitled "Tribal Medical Contraindication to Vaccination," was insufficient because it "does not address Plaintiff's own medical condition."  (Order at 9.)

        In Plaintiff's October 17 letter, she states that the Third Amended Complaint "expands upon Plaintiff's vaccine allergy as a recognized medical condition that necessitated her request for accommodation".  (ECF No. 103, at 1.)  Plaintiff's Third Amended Complaint, however, does not actually contain any new facts to support her claims.  Instead, Plaintiff makes the same conclusory assertions regarding being "allergic" to the COVID-19 vaccine (without pleading any additional facts, as directed by the Court, *see* Order at 17) and references the same tribal medical contraindication documents she attached previously to her Complaint (*see, e.g.,* Third Amended Complaint, ¶¶ 9, 22, 46.)  The Court has already held that these allegations and documents are insufficient to support her claims under the ADA, NYSHRL, and NYCHRL.  (*See* Order at 9.)  Plaintiff has therefore failed to cure the deficiencies in her Complaint, and her

---

[1] Plaintiff did not attach a redline comparing the differences between her Second and Third Amended Complaints. If she had attached a redline, the redline would show that Plaintiff did not go through her Complaint and address the deficiencies, as instructed by the Court, but instead drafted a new complaint, which simply regurgitates the same bald and conclusory allegations that the Court found to be insufficient in her prior Complaint.

Hon. Lorna G. Schofield, U.S.D.J.
October 29, 2024
Page 3

request to file a Third Amended Complaint should be denied.[2]

      In her October 17 letter and proposed Third Amended Complaint, Plaintiff argues that she has a right to rely on "Tribal Holistic Health Practices and Providers", and her reliance on the advice of such practices and providers should be recognized.  (ECF No. 103 at 1-2, 14-15, 20.)  This argument, however, is irrelevant.  The tribal medical contraindication documents that Plaintiff submitted with her Complaint (i.e., documentation from her "Tribal Holistic Health" provider), was not found to be insufficient due to the tribal or holistic training and beliefs of the individual who prepared the documentation.  (*See* Order at 9; *see* also Third Amended Complaint ¶ 22.)  Indeed, such documentation was insufficient because, on its face, it failed to support Plaintiff's request for a medical exemption, and her claims under the ADA, NYSHRL, and NYCHRL, because it did not state that Plaintiff was allergic to the COVID-19 vaccines.  (*See id.*)

      In Plaintiff's October 17 letter, she also asserts that her Third Amended Complaint "provide[s] additional details regarding retaliatory actions taken by Defendant following Plaintiff's request for an accommodation. . . . includ[ing] changes to Plaintiff's work conditions, exclusions from key projects, and subsequent demotions."  (ECF No. 103, at 2).  There are no such allegations, however, in Plaintiff's Third Amended Complaint, nor did any such actions occur.  These bald, conclusory, and boilerplate statements in Plaintiff's letter should therefore be given no consideration by the Court.  (*See* Order at 4 ("To withstand a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' . . . 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'") (quoting *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (further citations omitted).  Moreover, any claim of retaliation under the ADA must be dismissed because Plaintiff failed to exhaust such claim with the EEOC.  (*See* Order at 7.)

      The Court should therefore hold that Plaintiff has failed to remedy the deficiencies in her Complaint and decline to grant Plaintiff leave to file her Third Amended Complaint.

      2.   <u>Other Claims</u>.

      This Court also granted Plaintiff permission to amend her claims under the Genetic Information Non-Discrimination Act ("GINA") and the Rehabilitation Act of 1973 ("Rehabilitation Act").  (*See* Order at 17.)  Plaintiff, however, has not set forth any additional

---

[2] Plaintiff's Third Amended Complaint sets forth a list of cases, statutes, and "Expert Testimony", which Plaintiff alleges support her claims in this case.  (*See* ECF No. 103, 6-8, 17-19.)  Plaintiff's reference to these authorities, however, does not correct the factual deficiencies in Plaintiff's Complaint, which led to her Complaint being dismissed as insufficient.

Hon. Lorna G. Schofield, U.S.D.J.
October 29, 2024
Page 4

facts in support of such claims. Plaintiff's claims under GINA and the Rehabilitation Act should therefore be dismissed with prejudice.[3]

          3.     <u>Conclusion</u>.

        In light of the foregoing, the Court should reject Plaintiff's request for leave to file her Third Amended Complaint and convert the dismissal of Plaintiff's claims under the ADA, NYSHRL, NYCHRL, GINA, and the Rehabilitation Act into a dismissal with prejudice.

                      Respectfully submitted,

                      /s/ Marjorie B. Kulak
                      Marjorie B. Kulak

cc:     Amirah Mercer, Plaintiff *pro se* (via first class mail)

---

[3] To the extent Plaintiff's Third Amended Complaint refers to her "sincere indigenous religious beliefs" and "[d]iscriminating and retaliating against plaintiff's religion" (ECF No. 103, ¶¶ 14, 63):  (a) her claims under Title VII regarding religious discrimination or denial of a reasonable accommodation were not exhausted with the EEOC; and (b) her allegations in her Third Amended Complaint are too vague and conclusory to support a claim under the NYSHRL or NYCHRL.  *See Gamon v. Shriners Hosp. for Children*, No. 3:23-CV-00216-IM, 2023 WL 7019980, at *2 (D. Or. Oct. 25, 2023) (holding that the allegation "Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate" was too conclusory to survive a Fed. R. Civ. P. 12(b)(6) motion); *see also Cagle v. Weill Cornell Med.*, 22-cv-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII.") (citation omitted)