UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMIRAH MERCER,
                Plaintiff,

                22 Civ. 6322 (LGS)

      -against-

                ORDER

VIACOMCBS/PARAMOUNT,
                Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on July 26, 2024, an Opinion and Order (the "Opinion") issued that Defendant's motion to dismiss Plaintiff's claims was granted in full. Plaintiff was allowed to seek leave to amend by August 23, 2024. The Opinion explained how Plaintiff should seek leave to amend and the types of additional facts that Plaintiff would need to allege in order to state a claim.

    WHEREAS, Plaintiff's time to seek leave to amend was extended to October 25, 2024.

    WHEREAS, on October 7, 2024, Plaintiff filed a document purporting to be her Third Amended Complaint (the "TAC"). The filing did not comply with the Opinion's requirement to explain how the deficiencies identified in the Opinion were cured, nor did it provide a comparison between the Second Amended Complaint (the "SAC") and the TAC.

    WHEREAS, an Order dated October 9, 2024, required Plaintiff to re-file her letter seeking leave to amend and again explained that the letter would need to explain how the proposed amendments would cure the deficiencies identified in the Opinion and to provide a comparison between the SAC and proposed TAC.

    WHEREAS, on October 17, 2024, Plaintiff filed a letter seeking leave to amend her

complaint. The letter included a summary of changes that states the amendments provide additional information regarding Plaintiff's vaccine contraindication, Plaintiff's reliance on tribal health practices and Defendant's alleged retaliation. The letter also states that the proposed amendments cure the prior deficiencies by including expanded descriptions of Plaintiff's vaccine allergy diagnosis, of Plaintiff's reliance on trial holistic health practices and authority recognizing non-traditional medical practices and of the timeline and scope of the alleged retaliatory actions.

WHEREAS, the letter does not attach a redlined version of the proposed complaint showing changes, despite the letter's stating that a redline is attached.

WHEREAS, the proposed TAC alleges three causes of action: violation of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). The Opinion explains that to state an ADA, NYCHRL or NYSHRL claim for disability discrimination, Plaintiff would have to plead additional facts explaining why she personally is disabled as defined by those laws.

WHEREAS, the proposed TAC does not cure the deficiencies identified in the Opinion. The additional allegations in the proposed TAC state that Plaintiff has a "medical allergy/contraindication to all COVID 19 Vaccine" and that Plaintiff's tribal holistic healthcare provider advised her that "vaccines trigger a severe allergic reaction." The proposed TAC also includes generalized information on alleged side effects of the COVID-19 vaccinations, styled as "expert testimony." These allegations do not provide facts showing that Plaintiff actually has an allergy that constitutes a physical or medical impairment, that Plaintiff herself has ever experienced vaccination side effects or that Plaintiff had reason to believe that she would experience side effects that would constitute a physical or medical impairment. The proposed

TAC therefore does not cure the deficiencies identified in the Opinion and fails to state a claim for disability discrimination under the ADA, NYCHRL or NYSHRL.  It is hereby

**ORDERED** that Plaintiff's motion for leave to file a TAC is **DENIED**.  The case is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate this case and to mail a copy of this order to pro se Plaintiff.

Dated: October 30, 2024
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**